UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SANTOS ALEXIS GONZALEZ ESQUIVEL.,

Petitioner,

v.

CHESTNUT, *et al.*,

Respondents.

Case No. 1:25-cv-01353-KES-FJS (HC)

ORDER GRANTING NUNC PRO TUNC PETITIONER'S MOTION FOR ADMINISTRATIVE RELIEF UNDER LOCAL RULE 233 AND FOR LEAVE TO FILE REPLY OUT OF TIME

(ECF No. 22)

Petitioner Santos Alexis Gonzalez Esquivel ("Petitioner") is an immigration detainee who proceeded with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. On January 27, 2026, the assigned district judge adopted the January 20, 2026, findings and recommendations to grant the petition for writ of habeas corpus, deny Respondents' motion to dismiss, and direct Respondents to provide Petitioner with a bond hearing. (ECF No. 15.) Judgment was entered accordingly the same date. (ECF No. 16.)

On February 24, 2026, Petitioner filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 17.) Pursuant to the parties' joint stipulation, Respondents timely filed an opposition on June 25, 2026. (ECF No. 21.) Petitioner's reply was therefore due on or before July 6, 2026. *See* Local Rule 230(d).

Currently before the court is Petitioner's motion for administrative relief under Local Rule 233 for leave to file a reply out of time under Federal Rule of Civil Procedure 6(b)(1)(B), filed

August 6, 2026. (ECF No. 22.) Petitioner included a proposed reply brief in support of the motion for attorney fees. (ECF No. 22 at 13–35.) Respondents' opposition or supporting statement was due on or before August 11, 2026. Local Rule 233(b). As Respondents did not file a response, the motion is deemed submitted. Local Rule 233(c).

In his motion, Petitioner's counsel states he missed the reply deadline because of overlapping staffing and operational circumstances at his firm. Consequently, counsel became the only active attorney available to manage the firm's active caseload and legal operations. (ECF No. 22 at 2.) The overlapping circumstances materially impaired the firm's ability to prepare a timely reply addressing Respondents' opposition, which raised substantial issues concerning EAJA's scope, sovereign immunity, circuit authority, district court authority, and specific objections to Petitioner's billing entries. The delay was inadvertent, and once limited litigation support became available again on or about July 28, 2026, counsel worked promptly to complete the attached reply and the instant motion. Petitioner argues that the court should find that the late filing is a result of excusable neglect, and Respondents will suffer no cognizable prejudice, as the delay was brief and will not materially affect the proceedings, the missed deadline resulted from overlapping staffing disruptions rather than tactical delay, and Petitioner acted in good faith. (*Id.* at 4.) Petitioner did not ascertain Respondents' position regarding the motion and opted to file the instant motion promptly to minimize further delay. (*Id.* at 6.)

The court finds that Petitioner promptly submitted his reply brief together with the instant motion for extension of time, the delay was due to circumstances outside of Petitioner's counsel's control, and counsel acted in promptly and in good faith in requesting the extension of time. Furthermore, considering Respondents' lack of opposition to the request, the court finds good cause to grant Petitioner's motion for extension of time, nunc pro tunc. Petitioner's reply brief is accepted as timely filed. The court will address the motion for attorney fees in due course.

Based on the foregoing, Petitioner's motion for administrative relief and for extension of time to file a reply brief, (ECF No. 22), is HEREBY GRANTED, nunc pro tunc.

IT IS SO ORDERED.

Dated: **August 14, 2026**

UNITED STATES MAGISTRATE JUDGE